**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AMIL DINSIO,

                              Plaintiff,

        vs.                                          1:16-CV-324
                                                     (GTS/CFH)

APPELLATE DIVISION, THIRD DEPARTMENT,
A State Court of Appeals,

                              Defendant.
_____

**APPEARANCES**

Amil Dinsio
97-A-5765
Livingston Correctional Facility
P.O. Box 91
Sonyea, New York 14556
Plaintiff pro se

**DECISION AND ORDER**

        Plaintiff commenced this action with the filing of a complaint on March 18, 2016.

Plaintiff has paid the filing fee in this action.  See Dkt. Entry dated Mar. 23, 2016.  On

April 26, 2016, plaintiff filed an affidavit stating that he served the New York State

Attorney General's office on April 11, 2016 by mailing a copy of the complaint to the

New York State Attorney General, 120 Broadway, New York, New York 10271-0332, by

certified mail.  Dkt. No. 5.  Plaintiff filed an amended complaint on May 20, 2016.  Dkt.

No. 10.   Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)(1)(A) provides that a

party may "amend its pleading once as a matter of course within . . . 21 days after

serving it."  Plaintiff has not filed any proof of service on defendants of the amended

complaint. Further, plaintiff has not demonstrate proper service of either the original complaint or the amended complaint.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." However, Fed. R. Civ. P. 4(j) provides that, when serving a state or local government, service must be made either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Here, plaintiff is attempting to sue the Supreme Court, Appellate Division, Third Department, a part of the judicial arm of the state of New York. Thus, in order to properly serve defendant, plaintiff must effectuate service as set forth in Fed. R. Civ. P. 4(j).

The chief executive officer of the State of New York is the governor of New York; however, state law authorizes service of process on the Attorney General on behalf of the governor. C.P.L.R. 307. Thus, in order to properly comply with Rule 4(j)(2)(A), plaintiff must either: (1) "deliver" a copy of the summons and complaint to the New York State Attorney General pursuant to Rule 4(j)(2)(A); or (2) serve defendant pursuant to Rule 4(j)(2)(B), which looks to state law for the manner in which to serve. See FED. R. CIV. P. 4(j). Reviewing service under Rule 4(j)(2)(A) first, the Fed. R. Civ. P. are silent

2

as to what constitutes "delivering" for purposes of Rule 4(j)(2)(A). FED. R. CIV. P. 4(j)(2)(A). It does not appear that the Second Circuit has commented as to what amounts to delivery as required by Rule 4(j)(2)(A); however, the Eighth and Fifth Circuits have held that mailing a copy of summonses and complaint by certified mail does not amount to "delivering" as required by Rule 4(j)(2)(A). Yates v. Baldwin, 633 F.3d 669, 672 (8th Cir. 2011); Gilliam v. County of Tarrant, 94 F. App'x 230, 230 (5th Cir. 2004) (citing Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993)). The undersigned is guided by these decisions and concludes that sending a copy by certified mail does not constitute "delivering" as required by Rule 4(j)(2)(A).

Alternatively, plaintiff may serve defendant pursuant to Rule 4(j)(2)(B), which looks to state law for the manner in which to serve a defendant. Under New York law, "[p]ersonal service upon a court consisting of three or more judges may be made by delivering summons to any one of them." C.P.L.R. 312 (McKinney's 2016). The Supreme Court, Appellate Division, Third Department, at the time of the commencement of this action, had more than three sitting justices. Therefore, plaintiff's attempt to serve the attorney general's office did not comply with New York State's requirements for service upon the defendant. See Coleman v. State Supreme Court, 633 F. Supp. 2d 106, 108 (S.D.N.Y. 2009) (holding that the plaintiff's service of process on the State Attorney General did not amount to proper service where he was attempting to sue the New York State Supreme Court, a state court made up of more than three judges, as personal service on one such judge was required pursuant to C.P.L.R. 312).

Here, plaintiff attempted to effectuate service by delivering a copy of a summons and his original complaint to the New York State Attorney General's Office in Manhattan. However, delivery by certified mail is not sufficient to meet Rule 4(j)(2)(A)'s requirements. Further, as to service under Rule 4(j)(2)(B), which looks to state law, plaintiff was required to personally serve one of the Appellate Division justices. Thus, sending a copy of the summons and complaint to the Attorney General also does not satisfy the service requirements under Rule 4(j)(2)(B). Moreover, as noted, plaintiff has never attempted any kind of service of his amended complaint.

Therefore, within ninety (90) days of the filing of his amended complaint, plaintiff must effectuate proper service on defendant, either under Rule 4(j)(2)(A) – which requires personal service on the Attorney General – or Rule 4(j)(2)(B) – which requires personal service on any member of the Appellate Division, Third Department. Plaintiff filed his amended complaint on May 20, 2016; thus, plaintiff has ninety days, or until August 18, 2016, to effectuate proper service on defendants and file proof of service. Plaintiff's time to properly serve defendant has not yet expired; however, due to plaintiff's status as a pro se plaintiff and the fact that he did not properly serve the original complaint, the undersigned concludes that ensuring that plaintiff has notice of the proper methods for service on defendant is in the interests of justice. Therefore, this Decision and Order serves to inform plaintiff that a failure to properly serve defendant within the time period set forth herein may result in his complaint being forwarded to the District Judge for dismissal without prejudice.

**WHEREFORE**, for the reasons stated herein, it is hereby

4

**ORDERED**, that plaintiff must serve defendant, Appellate Division, Third Department no later than **August 18, 2016**; and it is further

**ORDERED**, that should plaintiff fail to properly serve defendant Appellate Division, Third Department on or before August 18, 2016 and fail to provide proof such service, his complaint will be referred to the District Judge for dismissal absent proof of just cause for his failure.  See FED. R. CIV. P. 4(m); and it is further

**ORDERED**, that the Clerk of the Court serve this Decision and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: July 25, 2015
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge