UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIL DINSIO,

                           Plaintiff,

v.                                                1:16-CV-0324
                                                    (GTS/CFH)
APPELLATE DIVISION,
THIRD DEPARTMENT

                        Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

AMIL DINSIO, 97-A-5765
  *Pro Se*, Plaintiff
Livingston Correctional Facility
P.O. Box 91
Sonyea, NY 14556

HON. ERIC T. SCHNEIDERMAN               COLLEEN D. GALLIGAN, ESQ.
Office of the Attorney General                  Assistant Attorney General
  Counsel for Defendant
State of New York                                     DENISE P. BUCKLEY, ESQ.
The Capitol                                                 Assistant Attorney General
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* action filed by Amil Dinsio ("Plaintiff") against the New York State Appellate Division, Third Department, are the following two motions: (1) Plaintiff's motion for reconsideration of this Court's Decision and Order of July 14, 2017, and (2) Plaintiff's motion to expedite a decision on his motion for reconsideration. (Dkt. Nos. 38, 44.) For the reasons set forth below, both motions are denied.

**I.      RELEVANT BACKGROUND**

### A.     Plaintiff's Amended Complaint

The Court's Decision and Order of July 14, 2017, contains a comprehensive discussion of Plaintiff's Amended Complaint and its factual allegations; the Court refers to that discussion rather than re-stating that information here.  (Dkt. No. 35, at 2-10 [Decision & Order, 7/14/2017].)

### B.     The Parties' Briefing on Plaintiff's Motion for Reconsideration

Generally, in his memorandum of law, Plaintiff makes three arguments.  (Dkt. No. 38, at 1-15 [Pl.'s Mem. of Law].)  First, Plaintiff argues that Defendant did not comply with its mandatory duty pursuant to N.Y. C.P.L.R. § 5501(c) to review the evidence in his case and determine questions of law and fact because, rather than explaining the rationale for denying his appeal, it simply issued a decision stating "application denied."  (*Id.* at 1, 3-5, 7-10, 12.)

Second, Plaintiff argues that Defendant (through the actions of its judges) engaged in a conspiracy to ensure that his appeal had a favorable outcome for the State.  (*Id.* at 1-3, 5-12.)  Specifically, Plaintiff argues that Defendant stole his Article 78 petition and associated filing fee to prevent a proper review of his case.  (*Id.*)  Plaintiff additionally argues that this conspiracy is sufficient to preclude application of the *Rooker-Feldman* doctrine.

Third, and last, Plaintiff argues that he should be permitted to amend the Amended Complaint to add individual judges and court clerks as defendants, asserting that injunctive relief is available against judges when a declaratory decree is violated, even if money damages are not.  (*Id.* at 1, 15.)  Plaintiff argues that the Appellate Division's May 24, 2012, decision was a declaratory decree that violated his right to due process based on the alleged failure to comply with N.Y. C.P.L.R. § 5501(c).

2

Generally, in its opposition memorandum of law, Defendant argues that Plaintiff's arguments are insufficient to justify reconsideration of the Decision and Order of July 14, 2017, because the Court dismissed the Amended Complaint on jurisdictional (rather than factual) grounds, and Plaintiff's arguments do not call into question those jurisdictional findings. (Dkt. No. 41, at 3 [Def.'s Opp'n Mem. of Law].)

## II.  GOVERNING LEGAL STANDARD

Motions for reconsideration proceed in the Northen District of New York under Local Rule 7.1(g).  A court may justifiably reconsider its previous ruling under three circumstances: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983]). The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.[1]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III.  ANALYSIS

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

### A.     Whether the Court Should Grant Plaintiff's Motion to Expedite

After carefully considering the matter, the Court denies Plaintiff's December 11, 2017, motion to expedite a decision on his motion for reconsideration as unsupported by a showing of cause.

### B.     Whether the Court Should Grant Plaintiff's Motion for Reconsideration

After carefully considering the matter, the Court answers this question in the negative for the reasons presented in Defendant's opposition memorandum of law.  (Dkt. No. 41, at 2-3 [Def.'s Opp'n Mem. of Law].)  To those reasons, the Court adds the following analysis.

As Defendant notes, Plaintiff has failed to argue either that there has been a change in controlling law or that there is new evidence that was not previously available.  Therefore, the only basis for recourse remaining is whether reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.  However, the Court finds that relief is not available on this basis.

Plaintiff's arguments focus on a variety of factual issues related to his main allegations that Defendant (1) acted improperly and with bias related to his appeal by failing to conduct a review of his case consistent with N.Y. C.P.L.R. § 5501(c), and (2) stole his Article 78 petition and filing fee to prevent review that would have resulted in the court overturning his conviction, which he argues is established by evidence including receipts showing that he paid his filing fee and tapes related to his conviction that he argues had been tampered with by police and/or prosecutors.  (Dkt. No. 38, at 1-16 [Pl.'s Mem. of Law].)  However, Plaintiff's attempts to persuade this Court to re-evaluate the evidence is unavailing not only because the purpose of reconsideration does not include allowing a party to relitigate issues that have already been

4

decided, but because Plaintiff ignores the fact that the Court, in its Decision and Order of July 14, 2017, found that dismissal was warranted based on jurisdictional grounds rather than factual or pleading inadequacy. (Dkt. No. 35, at 19-27 [Decision & Order, 7/14/2017].) Specifically, the Court found that Plaintiff's challenge was barred by the *Rooker-Feldman* doctrine, and, in the alternative, by Eleventh Amendment sovereign immunity (as to the Appellate Division) and judicial immunity (as to any individual justices or court clerks, were Plaintiff permitted to amend his Amended Complaint to name those individual justices and court clerks). (*Id.*) Because the Court found that jurisdiction did not exist and jurisdiction is a necessary prerequisite to substantive review, it properly did not reach the merits of Plaintiff's factual arguments.

After thoroughly reviewing Plaintiff's motion and affording it due consideration in light of his status as a *pro se* litigant, the Court finds that he presents no basis for reconsideration of the Decision and Order of July 14, 2017. Based on a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision related to application of the *Rooker-Feldman* doctrine was legally correct and did not work a manifest injustice. *See Hoblock v. Albany Cnty Bd. of Elections*, 422 F.3d 77, 86-88 (2d Cir. 2005) (noting that a "federal suit is barred by *Rooker-Feldman* only if it complains of injury from the state court judgment and seeks review and rejection of that judgment").

The Court notes additionally that, even if the *Rooker-Feldman* doctrine did not apply based on Plaintiff's assertions of a conspiracy violating his due process rights, the Decision and Order of July 14, 2017, included an alternate basis for concluding that jurisdiction was lacking. (Dkt. No. 35, at 19-27 [Decision & Order, 7/14/2017].) The Court finds that this alternate basis is also legally correct and does not create a manifest injustice. *See Clark v. United States*, 16-

CV-0740, 2016 WL 10570930, at *6, 8 (N.D.N.Y. Aug. 29, 2016) (Hummel, M.J.) *report and recommendation adopted by* 2016 WL 6610734, at *3 (N.D.N.Y. Nov. 9, 2016) (Sannes, J.) (dismissing the plaintiff's claims against the New York State Unified Court System on the basis of sovereign immunity, and dismissing claims against individual state court judges on the basis of judicial immunity). Thus, Plaintiff's motion for reconsideration of the Decision and Order of July 14, 2017, is denied in its entirety.

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion to expedite consideration of his motion for reconsideration (Dkt. No. 44) is **DENIED**; and it is further

    **ORDERED** that Plaintiff's motion for reconsideration of the Court's Decision and Order of July 14, 2017, (Dkt. No. 38) is **DENIED**.

Dated: March 5, 2018
       Syracuse, New York

                                                 Hon. Glenn T. Suddaby
                                                 Chief U.S. District Judge